IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| ANDREA LYNN ARD,<br><br>Plaintiff,<br>vs.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY and MICHAEL KUTCHER,<br><br>Defendants. | No. C 17-107-MWB<br><br>**OPINION AND ORDER REGARDING DEFENDANTS' MOTION TO DISMISS AND ORDER REMANDING ACTION TO STATE COURT** |

_____

Andrea Lynn Ard filed this action in the Iowa District Court for Linn County on May 17, 2017, against her former employer, Transamerica Life Insurance Company, and her former supervisor, Michael Kutcher. She filed an Amended Petition At Law, also in state court, on July 21, 2017, asserting four causes of action apparently governed by state law: (1) retaliatory discharge in violation of public policy; (2) intentional infliction of emotional distress; (3) defamation; and (4) breach of agreement to reinstate and failure to pay wages due, consisting of wages due from the date of her termination until July 1, 2015, as well as lost personal time off and a contractual bonus. On August 31, 2017, while still in state court, the defendants filed a Motion To Dismiss challenging Ard's wrongful discharge and intentional infliction of emotional distress claims. Ard filed her Resistance on September 15, 2017. On October 6, 2017, the defendants filed their Notice Of And Petition For Removal, removing this action to this federal court, based on federal question jurisdiction, pursuant to 28 U.S.C. §§ 1441 and 1446. They argued that removal was timely, because Ard's Resistance was the first notice that she was seeking benefits

under Transamerica's Separation Pay Plan, an ERISA welfare benefit plan governed by federal law. Ard has not challenged the removal. *See* 28 U.S.C. § 1447(c).

On October 13, 2017, the defendants filed the Motion To Dismiss now before me. In their Motion, the defendants assert that Ard failed to exhaust the administrative remedies available under the Separation Pay Plan, so that Ard's fourth cause of action, for breach of agreement and failure to pay wages due, and all parts of any other cause of action in which she claims a wrongful denial of severance benefits, must be dismissed with prejudice and without leave to amend. By Order, filed October 20, 2017, I granted Ard's request for an extension to and including November 7, 2017, to respond to the defendants' Motion. Despite the request for an extension of time to do so, Ard filed no timely response, nor has she filed a notice that she will not resist the motion. N.D. IA. L.R. 7(f) (providing, in part, "If a party does not intend to resist a motion, the party is encouraged promptly to file a statement indicating the motion will not be resisted.").

Local Rule 7(f) provides, in part, "If no timely resistance to a motion is filed, the motion may be granted without notice." N.D. IA. L.R. 7(f). Thus, I may grant the defendants' Motion To Dismiss without further notice to Ard. Furthermore, a claim for ERISA plan benefits may be dismissed for failure to exhaust administrative remedies. *Angevine v. Anheuser-Busch Companies Pension Plan*, 646 F.3d 1034, 1037-38 (8th Cir. 2011). Ard has made no attempt to show that she exhausted administrative remedies on an ERISA claim or that there is any ground for excusing her failure to exhaust such a claim. *Id.; see also Brown v. J.B. Hunt Transp. Serv., Inc.,* 586 F.3d 1079, 1085-86 (8th Cir. 2009). Thus, Ard's fourth cause of action and any other claims for benefits under the Severance Pay Plan are also subject to dismissal on these grounds. The defect in Ard's ERISA claim cannot be removed by repleading that claim, so that dismissal without leave to amend is appropriate. *See, e.g., Hawks v. J.P. Morgan Chase Bank*,

591 F.3d at 1043, 1050 (8th Cir. 2010). The defendants' Motion To Dismiss is granted and leave to amend to address the deficiency in the pleadings is denied.

As the result of the dismissal of any claims for ERISA plan benefits, the only remaining claims are state-law claims subject to this court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Indeed, the defendants asserted removal *only* on the basis of federal question jurisdiction, and neither party has ever timely asserted any other basis for federal jurisdiction. *See* 28 U.S.C. § 1446(b); *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 600 (8th Cir. 2002). Thus, even though no party has requested a remand if the defendants' Motion To Dismiss the federal claim is granted, I must consider whether remand to state court is appropriate.

Even in a case removed to federal case, "[u]nder 28 U.S.C. § 1367, a district court may decline jurisdiction over supplemental claims if it 'has dismissed all claims over which it has original jurisdiction.'" *Lindsey*, 306 F.3d at 598 (quoting 28 U.S.C. § 1367(c)(3)). The federal district court may remand an action to state court pursuant to § 1367(c)(3), even after the issues have been briefed and discovery completed. *See D.J.M. ex rel. D.M. v. Hannibal Pub. Sch. Dist. No. 60*, 647 F.3d 754, 767 (8th Cir. 2011) (holding the district court did not abuse its discretion in remanding, and "[t]hat it did so after the issues had been briefed and discovery completed does not affect our conclusion"). Indeed, "[i]f the claim giving original jurisdiction is dismissed early in the action, 'before any substantial preparation has gone into the dependent claims, dismissing or remanding the [state claims] upon declining supplemental jurisdiction seems fair enough.'" *Gregoire v. Class*, 236 F.3d 413, 419 (8th Cir. 2000) (quoting 28 U.S.C. § 1367 cmt. at 835 (1993)). In this case, the dismissal of the federal claim is "early in the action" and "before any substantive preparation has gone into the dependent claims." *Id.* In these circumstances, remand of the state law claims is appropriate.

THEREFORE,

1. The defendants' October 13, 2017, Motion To Dismiss (docket no. 6) is **granted without leave to amend**; and

2. Because the claim on which federal question jurisdiction depends has been dismissed, the remaining claims are **remanded** to the Iowa District Court for Linn County, pursuant to 28 U.S.C. §§ 1367(c) and 1447(c).

**IT IS SO ORDERED**.

**DATED** this 14th day of November, 2017.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA